Gregory L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    650-739-3939
Facsimile:     650-739-3900

Attorneys for Defendant
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO

| | |
|---|---|
| e.Digital Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SanDisk Corporation,<br><br>　　　　　Defendant. | **Case No. 3:12-cv-02698-CAB-WVG**<br><br>**SANDISK CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant SanDisk Corporation ("SanDisk") by and through its undersigned counsel hereby sets forth its Answer, Affirmative Defenses, and Counterclaims to the Complaint ("Complaint") of Plaintiff e.Digital Corporation ("Plaintiff" or "e.Digital").

**ANSWER**

SanDisk denies each and every averment set forth in the Complaint except for those averments expressly and specifically admitted below.  SanDisk also specifically denies each and every averment of patent infringement set forth in the Complaint.  With respect to each of the numbered paragraphs of the Complaint, SanDisk responds as follows:

**NATURE OF THE ACTION**

1.　　SanDisk admits that Plaintiff's allegations of patent infringement purport to arise under Title 35 of the United States Code, but denies that such allegations are meritorious.

1  SanDisk denies that Plaintiff is entitled to a preliminary and permanent injunction and monetary
2  damages for the infringement of U.S. Patent Nos. 5,742,737 and 5,491,774.

## JURISDICTION AND VENUE

4  2.      SanDisk admits that, for the purpose of this action only, this Court has subject
5  matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).
6  3.      Without admitting that it is necessarily proper or convenient, for the purposes of
7  this action, SanDisk does not contest that venue is permissible under 28 U.S.C. §§ 1391 and
8  1400.  SanDisk admits that it has conducted business within the State of California and this
9  district.  SanDisk denies the remaining allegations in this paragraph.  SanDisk is otherwise
10 without knowledge or information sufficient to form a belief as to the truth of any other
11 allegations of paragraph 3 of the Complaint, and therefore denies all such allegations.
12 4.      SanDisk admits that it has conducted business within the State of California and
13 this district.  SanDisk admits that it distributes, offers for sale, and/or sells its products in the State
14 of California and this district.  SanDisk denies the remaining allegations in this paragraph.

## PARTIES

16 5.      SanDisk lacks knowledge or information sufficient to form a belief about the truth
17 of the allegations set forth in this paragraph of the Complaint, and therefore denies the same.
18 6.      SanDisk admits that it is a Delaware corporation with its principal place of
19 business at 601 McCarthy Blvd., Milpitas, California 95035.  As of January 28, 2013, SanDisk's
20 principal place of business will be 951 SanDisk Drive, Milpitas, California 95035.

## THE ASSERTED PATENTS

22 7.      SanDisk admits that on its face, U.S. Patent No. 5,742,737 ("the '737 Patent") is
23 entitled "Method For Recording Voice Messages On Flash Memory In A Hand Held Recorder"
24 and has an issue date of April 21, 1998.  SanDisk admits that what appears to be a copy of the
25 '737 Patent is attached to the Complaint as "Exhibit A."  SanDisk lacks knowledge or
26 information sufficient to form a belief about the truth of the remaining allegations set forth in this
27 paragraph of the Complaint, and therefore denies the same.
28

8. Upon information and belief, SanDisk admits that the United States Patent and Trademark Office issued a Reexamination Certificate for the '737 Patent on October 17, 2012. SanDisk admits that what appears to be a copy of the Reexamination Certificate is attached to the Complaint as "Exhibit B." SanDisk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph of the Complaint, and therefore denies the same.

9. SanDisk admits that on its face, U.S. Patent No. 5,491,774 ("the '774 Patent") is entitled "Handheld Record And Playback Device With Flash Memory" and has an issue date of February 13, 1996. SanDisk admits that what appears to be a copy of the '774 Patent is attached to the Complaint as "Exhibit C." SanDisk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph of the Complaint, and therefore denies the same.

10. Upon information and belief, SanDisk admits that the United States Patent and Trademark Office issued a Reexamination Certificate for the '774 Patent on August 14, 2012. SanDisk admits that what appears to be a copy of the Reexamination Certificate is attached to the Complaint as "Exhibit D."

**COUNT ONE – INFRINGEMENT OF THE '737 PATENT**

11. SanDisk incorporates by reference each of its responses set forth in paragraphs 1 through 10 above.

12. Denied.

13. A response is not required for this paragraph of the Complaint.

14. SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of the Complaint, and therefore denies the same.

15. SanDisk admits that it has sold and currently offers for sale the Sansa Clip Zip, Fuze+, and Clip+ products through its website located at http://shop.sandisk.com to consumers, including consumers located in the State of California.

16. SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of the Complaint, and therefore denies the same.

1   17.   Denied.

2   18.   Denied.

3   19.   Denied.

4   20.   Denied.

5   21.   Denied.

6   22.   Denied.

7   23.   Denied.

**COUNT TWO – INFRINGEMENT OF THE '774 PATENT**

24.   SanDisk incorporates by reference each of its responses set forth in paragraphs 1 through 10 above.

25.   Denied.

26.   A response is not required for this paragraph of the Complaint.

27.   SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of the Complaint, and therefore denies the same.

28.   SanDisk admits that it has sold and currently offers for sale the Sansa Clip Zip, Fuze+, and Clip+ products through its website located at http://shop.sandisk.com to consumers, including consumers located in the State of California.

29.   SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of the Complaint, and therefore denies the same.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

**PLAINTIFF'S PRAYER FOR RELIEF**

SanDisk denies that Plaintiff is entitled to any of the prayed relief.

## DEFENSES

SanDisk incorporates by reference the foregoing paragraphs in their entirety and asserts the following Defenses. By asserting these defenses, SanDisk does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. SanDisk reserves the right to amend this Answer with additional defenses as further information becomes available through discovery.

### FIRST DEFENSE
### (Non Infringement)

37. SanDisk has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '737 and '774 Patents.

### SECOND DEFENSE
### (Invalidity)

38. Each and every claim of the '737 and '774 Patents is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD DEFENSE
### (Failure to State a Claim)

39. One or more of the claims in Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE
### (Equitable Defenses)

40. Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands, or other applicable equitable doctrines.

### FIFTH DEFENSE
### (Limitations on Damages)

41. Plaintiff's claims for relief and prayer for damages are barred under 35 U.S.C. § 286, 287, 288, and/or by laches.

### SIXTH DEFENSE

**(Prosecution History Estoppel)**

42. Plaintiff is barred from recovery in whole or in part by the doctrine of prosecution history estoppel.

**SEVENTH DEFENSE**

**(License, Patent Exhaustion)**

43. Plaintiff's claim for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing SanDisk products or components thereof are imported, sold by, offered for sale by, made by, or made for, any entity having an express or implied license to '737 and '774 Patents; and/or (ii) under the doctrine of patent exhaustion.

**EIGHTH DEFENSE**

**(Intervening Rights)**

44. Plaintiff's claims for relief and prayer for damages are barred in whole or in part by the doctrines of absolute and/or equitable intervening rights.

**SANDISK'S COUNTERCLAIMS**

Defendant/Counterclaim Plaintiff SanDisk Corporation ("SanDisk"), for its counterclaims against Plaintiff/Counterclaim Defendant e.Digital ("e.Digital" or "Plaintiff"), states as follows:

**NATURE OF ACTION**

1. This is a Declaratory Judgment action for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. 5,742,737 ("the '737 Patent") and U.S. Patent No. 5,491,774 ("the '774 Patent").

2. SanDisk is a Delaware corporation with its principal place of business at 601 McCarthy Blvd., Milpitas, California 95035. As of January 28, 2013, SanDisk's principal place of business will be 951 SanDisk Drive, Milpitas, California 95035.

3. Based on information and belief, e.Digital Corporation is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, CA 92127.

4. On November 5, 2012, e.Digital filed its Complaint alleging that SanDisk infringes the '737 and '774 Patents.

1  5. SanDisk denies infringement, and disputes the validity and enforceability of one or
2  more claims of the '737 and '774 Patents.
3  6. Thus, there is an actual and justiciable controversy between SanDisk and e.Digital
4  concerning the infringement, validity and enforceability of the '737 and '774 Patents.
5  7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 as an
6  action arising under the Patent Laws, Title 35 of the United States Code, and also under 28 U.S.C.
7  §§ 2201 and 2202 as a declaratory judgment action.
8  8. This Court has personal jurisdiction over e.Digital, and venue is proper in this
9  judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because e.Digital is
10 headquartered in this district, conducts business in this district, and has availed itself of this
11 Court's jurisdiction by having sued SanDisk in this Court.

## COUNTERCLAIM I

### (Declaration of Non-Infringement '737 Patent)

14 9. SanDisk hereby realleges and incorporates by reference paragraphs 1 through 8 of
15 its Counterclaims as though fully set forth herein.
16 10. The '737 Patent was issued by the United States Patent and Trademark Office.
17 e.Digital claims to own all rights in and to this patent.
18 11. e.Digital has asserted that SanDisk infringes the '737 Patent. Thus, an actual,
19 justiciable controversy exists between e.Digital and SanDisk concerning the infringement of this
20 patent.
21 12. SanDisk is not now infringing and has not infringed, literally or under the doctrine
22 of equivalents, directly or indirectly, any valid claim of the '737 Patent.
23 13. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*,
24 SanDisk is entitled to a declaratory judgment that it does not infringe and has not infringed the
25 '737 Patent.

## COUNTERCLAIM II

### (Declaration of Invalidity of the '737 Patent)

14. SanDisk hereby realleges and incorporates by reference paragraphs 1 through 13 of the Counterclaims as though fully set forth herein.

15. e.Digital has asserted that SanDisk infringes the '737 Patent. Thus, an actual, justiciable controversy exists between e.Digital and SanDisk concerning the validity of this patent.

16. One or more claims of the '737 Patent that is allegedly infringed by SanDisk are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, for example, Sections 101, 102, 103 and/or 112.

17. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, SanDisk is entitled to a declaratory judgment that one or more claims of the '737 patent are invalid.

## COUNTERCLAIM III

### (Declaration of Non-Infringement '774 Patent)

18. SanDisk hereby realleges and incorporates by reference paragraphs 1 through 8 of its Counterclaims as though fully set forth herein.

19. The '774 Patent was issued by the United States Patent and Trademark Office. e.Digital claims to own all rights in and to this patent.

20. e.Digital has asserted that SanDisk infringes the '774 Patent. Thus, an actual, justiciable controversy exists between e.Digital and SanDisk concerning the infringement of this patent.

21. SanDisk is not now infringing and has not infringed, literally or under the doctrine of equivalents, and directly or indirectly, any valid claim of the '774 Patent.

22. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, SanDisk is entitled to a declaratory judgment that it does not infringe and has not infringed the '774 Patent.

## COUNTERCLAIM IV

### (Declaration of Invalidity of the '774 Patent)

23. SanDisk hereby realleges and incorporates by reference paragraphs 1 through 13 of the Counterclaims as though fully set forth herein.

24. e.Digital has asserted that SanDisk infringes the '774 Patent. Thus, an actual, justiciable controversy exists between e.Digital and SanDisk concerning the validity of this patent.

25. One or more claims of the '774 Patent that is allegedly infringed by SanDisk are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, for example, Sections 101, 102, 103 and/or 112.

26. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq*., SanDisk is entitled to a declaratory judgment that one or more claims of the '774 patent are invalid.

**EXCEPTIONAL CASE**

27. This is an exceptional case entitling SanDisk to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**DEMAND FOR JURY TRIAL**

28. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counter-claimant demands a trial to jury of this action.

**PRAYER FOR RELIEF**

WHEREFORE, SanDisk respectfully requests a judgment against e.Digital as follows:

A. That e.Digital takes nothing by its Complaint in this action;

B. e.Digital's Complaint in this action be dismissed in its entirety with prejudice;

C. That the Court enter a declaratory judgment that SanDisk does not infringe and has never infringed U.S. Patent Nos. 5,742,737 and 5,491,774;

D. That the Court enter a declaratory judgment that the asserted claims of U.S. Patent Nos. 5,742,737 and 5,491,774 are invalid and void;

E. That the Court declare this an exceptional case and award SanDisk its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

1        F.    That the Court award SanDisk any and all other relief to which it may be entitled, or which the Court deems just and proper.

Dated: January 7, 2013

Respectfully submitted,

JONES DAY

*/s/  Gregory L. Lippetz*
Gregory L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900

Attorneys for Defendant,
SANDISK CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all current and/or opposing counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 7th day of January 2013 at Palo Alto, California.

Dated: January 7, 2013                    JONES DAY

                                          */s/  Gregory L. Lippetz*
                                          Gregory L. Lippetz